Billie L. MOWRY, Appellant
(Plaintiff/Petitioner),

v.

STATE of Wyoming, ex rel., WYOMING
RETIREMENT BOARD, Appellee
(Defendant/Respondent).

No. 93–99.

Supreme Court of Wyoming.

Dec. 23, 1993.

Mitchell E. Osborn of Grant & Osborn, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., and Mary B. Guthrie, Sr. Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

CARDINE, Justice.

Appellant, Billie L. Mowry (Mowry), a retired school district superintendent, seeks judicial review of appellee Wyoming Retirement Board's (board) decision which held that severance pay received by Mowry in 1989 would not be included in calculating his retirement benefits.

We affirm the decision of the board.

Mowry phrases the issue as:

Is "severance pay," received pursuant to a valid employment contract, "cash remuneration" and, therefore, "salary" as defined under Wyoming Statute § 9–3–402(a)(xvi)?

The board phrases the issue differently:

Whether the Wyoming Retirement Board's decision to not include severance pay as salary in calculating the Appellant's retirement benefits was arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law.

### FACTS

In 1979, Mowry was hired by Lincoln County School District No. One as the superintendent of schools. From 1981 through 1987, Mowry and the school board made a series of two-year employment contracts. The two-year contract signed in 1987 was due to expire in 1989; however, in June of 1988, Mowry and the school board negotiated a new one-year contract which included a provision stating that if his contract was not renewed the following year, then the district would pay "in addition to the salary provided for in this contract, severance compensation of an amount equal to one-third of the contract amount."

Mowry's contract was not renewed for 1989–90, and he was paid his regular monthly salary and the severance pay in one check each month over the last six months of employment with Lincoln County School District No. One. During these last six months of employment, the school district contributed, on behalf of Mowry, to the retirement system based on the total amount Mowry received, including the severance pay.

From 1989 until his retirement in June of 1992, Mowry was the high school principal in Burns, Wyoming. In 1992, Mowry inquired with the retirement system about retirement benefits available if he retired. On April 27, 1992, a benefit specialist at the retirement system forwarded Mowry a letter describing his estimated monthly retirement benefits, which were calculated based on the inclusion of his 1989 severance pay. Mowry retired in June of 1992. On July 16, 1992, Mowry received a second estimate letter from the retirement system, which excluded the 1989 severance pay from its calculations and reduced his estimated monthly benefits by approximately $300.00 per month. When the benefits were first calculated in April, the benefit specialist had not realized that Mowry's 1989 salary checks included severance pay.

Mowry challenged the retirement system's reduction in his estimated benefits before a hearing officer, asserting that his severance pay should have been included in the benefits calculation. The hearing officer ruled in favor of the retirement system staff, concluding that Mowry's 1989 severance pay was not salary and thus should not be included in the benefits calculation. The board adopted the hearing officer's decision. Mowry sought judicial review of the board's decision in district court, which then certified the matter to this court.

### DISCUSSION

■ The issue presented to this court concerns statutory construction and thus is purely a question of law. *Parker Land & Cattle Co. v. Wyoming Game & Fish Comm'n*, 845 P.2d 1040, 1042 (Wyo.1993). We review legal conclusions of an administrative agency to determine whether those conclusions are in accordance with law. *Amax Coal Co. v. Wyoming State Bd. of Equalization*, 819 P.2d 825, 829 (Wyo.1991).

■ Our method for determining the meaning of statutes is firmly established. *See Parker Land & Cattle Co.*, 845 P.2d at 1042–45. We may resort to certain rules of construction to ascertain legislative intent

but only after we have determined that the statute is ambiguous. *Id.,* at 1043. One of those rules of statutory construction requires us to give deference to the construction given a statute by the administrative agency charged with administering the ambiguous statute. *Id.,* at 1045. In other words, we will affirm that agency's construction unless we find it to be clearly erroneous. *Id.*

The formula for calculating Mowry's retirement benefits is described in W.S. 9–3–418(a) (1991), which provides:

> The retirement allowance for a member who first becomes covered under this article after June 30, 1981 is equal to two percent (2%) of the *average salary* for the highest three (3) continuous years of covered service multiplied by the years of covered service. [emphasis added]

1989 was one of the years first used to calculate Mowry's "average salary." That year included the severance payments of 1989 as part of Mowry's 1989 salary. Mowry asserts that the April estimate, which included the severance payments, was correct as a matter of law because the plain and ordinary meaning of "salary" includes severance payments. The board argues that severance payments are not "salary." The term salary is defined in W.S. 9–3–402(a)(xvi) (1991), which provides:

> *"Salary" means the cash remuneration paid * * * in any calendar year to an employee * * *.*

"Words used within statutes are to be given their plain and ordinary meaning." *Vandehei Developers v. Public Serv. Com'n,* 790 P.2d 1282, 1285 (Wyo.1990). Mowry argues that the plain and ordinary meaning of remuneration is "any kind of payment" received, while the board asserts that remuneration means only those payments made in return for services performed.

Black's Law Dictionary defines remuneration as "[r]eward; recompense; salary; compensation." Black's Law Dictionary at 1165 (5th ed. 1979). Each of the terms used to define "remuneration" are also defined in Black's as referring to payments made in exchange for something equivalent, such as services rendered. *Id.,* at 1188, 1144, 1200, 256. Websters' Third New International Dictionary (1966) defines "remunerate" as: "1: to pay an equivalent for (as a service, loss or expense) 2: to pay an equivalent to (a person) for service, loss or expense," and defines "remuneration" as "remunerating." Thus, the plain and ordinary meaning of remuneration clearly contemplates payments made in return for something equivalent.

Severance pay is "[p]ayment by an employer to employee beyond his wages on termination of his employment." Black's, at 1232. "The historical meaning of severance pay—or 'dismissal compensation' to use the older parlance—is payment 'made by an employer to an employee for permanently terminating the employment relationship primarily for reasons beyond the control of the employee.'" Howard A. Specter and Matthew W. Finkin, 1 *Individual Employment Law and Litigation* § 5.26 at 327 (1989). These definitions suggest that "severance pay" is primarily gratuitous and, although it may be intended to partially alleviate the loss of employment, it is not an attempt to equally compensate the employee for services rendered, losses suffered, or expenses incurred.

Based on the plain and ordinary meanings of "severance pay" and "remuneration," Mowry's 1989 severance pay is not "remuneration" and, therefore, not "salary" and should not be included when calculating his retirement benefits under W.S. 9–3–418.

## DISPOSITION

The board's decision to exclude Mowry's 1989 severance payment when it calculated Mowry's retirement benefits is affirmed because severance payments are not "salary" as defined in the Wyoming Retirement Act.